UNITED STATES v. FITZGERALD et al. UNITED STATES ex rel. SMITH v. MATHUES, United States Marshal. UNITED STATES ex rel. FITZGERALD v. SAME.

District Court, E. D. Pennsylvania. December 17, 1928.

No. 2888.

Bell, Trinkle, Truscott & Bell, of Philadelphia, Pa., for relators.

George W. Coles, U. S. Atty., of Philadelphia, Pa., opposed.

DICKINSON, District Judge. The same question is involved in the several cases above set out. The defendants in the indictment and relators in the habeas corpus cases vigorously assert that the indictment has been found and the relators deprived of their liberty because of a charge made against them which is unwarranted in fact and law. The complaint essentially is that a true bill was found against them without any supporting evidence. The record situation is clarified by the statement that the district attorney submitted the bill of indictment to the grand jury without, according to the defendants, any preliminary hearing, and without the leave of the court; that, following this, the grand jury returned a true bill without any evidence against the defendants or any of them which would justify a binding over or the finding of a true bill; that, on the basis of the finding by the grand jury of a true bill, a bench warrant issued, and the defendants were taken into custody, and thereupon sued out a writ of habeas corpus, and followed this with a motion to quash the indictment. The habeas corpus hearing was conducted upon a return to the writ of habeas corpus setting forth that the marshal held the defendants by virtue of the bench warrant above mentioned. The real question arises upon the motion to quash, because, if that motion prevails, the bench warrant goes with the quashed indictment, and, if it does not prevail, the defendants are properly in custody under the writ. The motion to quash was heard upon an offer of proof by the defendants that the grand jury found a true bill without any evidence upon which to found it and the objection to that inquiry by the district attorney that such an inquiry cannot be made into the proceedings before the grand jury.

We have thus clearly stated and defined the question to be answered. The comment has so often been made as to make its reiteration unnecessary that every one threatened with the charge of the commission of a crime has two rights. One is, of course, the right to a fair and impartial trial upon which the question of his guilt is determined; the other is the no less valuable right, and practically the more valuable right, that he shall not be even called upon to answer to a criminal charge until some duly constituted tribunal has passed upon the preliminary question of whether he ought to be brought to trial. There are several tribunals which discharge this duty. One is a committing magistrate, who may determine in the first instance what is commonly called probable ground or cause for the accusation. This question he determines after a hearing. The committing magistrate then determines the question by holding the accused for trial, if, in his judgment, a prima facie case against him has been made out, or, if not, by discharging him. A judge may sit as such committing magistrate, even ordinarily, or after such preliminary hearing, and may himself determine the question of whether the defendants should stand trial. The same question which is thus determined is, after a magistrate's hearing, in due course, submitted to a grand jury, who determine by the finding of a true bill the same question. No defendant can be brought to trial without such finding of a true bill. Time out of mind in Pennsylvania it has been the practice for defendants to ask the judgment of a court upon this question of whether they should be called upon to stand trial by suing out a writ of habeas corpus. At the hearing upon this writ, the prosecution would be required to produce such evidence against the accused as would reach the dignity of a prima facie case. If such evidence was not forthcoming, the relator would be discharged, but, if it was forthcoming, he would be held for trial. We, however, do not know of an instance, nor has any been brought to our attention, in which the relator was discharged on habeas corpus after the finding of a true bill. The reason for this, we think, lies upon the surface. It is that the finding of a true bill is in itself prima facie evidence of probable cause.

There is in the present instance a true bill, and hence probable cause for holding the defendants, but, as before stated, if the indictment falls upon the motion to quash, the justification for holding the relators falls with it. It comes, therefore, to this, that these defendants and the relators are asking us to extend the practice of applying the test of probable cause through a habeas corpus hearing to a case in which a true bill has

been found. Our attention has been called to the truth that in warrant of removal and other like proceedings, as upon habeas corpus, when the defendant is held for extradition or otherwise, an indictment is looked upon as prima facie evidence that such a defendant should be removed to stand his trial elsewhere, but such finding is prima facie only.

We do not think the two cases are analogous, although it is true they do in some respects run together. A defendant who is within the jurisdiction of the court is under the protection of that court, and he will not be taken by force out of such protection without its sanction. Here the case is different. The defendant remains under the full protection of the court, and the only question is at present not one of guilt, but whether there is enough in the case against him to justify a trial upon the question of his guilt. It has always been the practice in Pennsylvania, and is still such, that a defendant may always have the protection of a preliminary hearing of which he cannot be deprived without the sanction of the court. For this reason no information will be permitted to be filed by the district attorney, unless the defendant has had a hearing, and no bill of indictment can be submitted to a grand jury without such preliminary hearing, except upon special leave of the court. There are cases, including some in this district, in which the state practice in this respect has been followed. It is settled, however, that the like rule does not pertain in the United States courts. U. S. v. Thompson, 251 U. S. 407, 40 S. Ct. 289, 64 L. Ed. 333.

We are thus bound to hold that the indictment cannot be quashed because either of the absence of a preliminary hearing or that the bill was submitted to the grand jury without the previous sanction of the court.

This brings us to the real question in the case, which is whether there can be an inquiry by the court into the proceedings before the grand jury. This question is not answered in all jurisdictions in the same way. In some the inquiry has been permitted. In others it has not. The cases of Holt v. U. S., 218 U. S. 245, 31 S. Ct. 2, 54 L. Ed. 1021, 20 Ann. Cas. 1138, and U. S. v. Quirk, 35 June Sessions 1921 (not reported), have been cited to us as authority for the proposition that the latter rule prevails in United States cases, at least in this circuit. The Holt Case, it is true, is not directly in point, because the question was not there, as it is here, whether there was any evidence supporting the accusation, but was merely whether the introduction of incompetent or inadmissible evidence before the grand jury vitiated the finding of a true bill, notwithstanding that there was other evidence to support it. As we read the case, however, it does in principle rule this, because that case was ruled upon the proposition that what took place before the grand jury could not, for well-known reasons, be disclosed. Independently of that case, however, the propriety of requiring a defendant to stand trial is one within the province of a grand jury to determine. If the grand jury refuses to find a true bill a defendant, in the ordinary course of the legal machinery, cannot be put upon his trial, and a grand jury has committed to it the like power to determine that he shall be put upon his trial. The power of the grand jury is so well recognized in this respect that it may of its own motion, and upon what is known to its own members, determine that a trial shall be had. It is true that such a finding is known by another name than that of a true bill, but this is merely to distinguish by name one method of reaching a finding from the other, and there is no magic in a mere name, whether it is presentment or indictment. It does no harm to a defendant, because, when the case comes to trial, and the evidence against him is developed, he then has the right to the judgment of the court of whether a case against him has been made out.

The conclusions that we have reached are: (1) That upon the habeas corpus hearing the relators should be remanded to the custody of the marshal, for the reason that the true bill found against them makes out a case of probable cause for holding them for trial; and (2) that the motion to quash and the defendants' offer of proof should be denied on the ground that there can be no inquiry for any reason here appearing into the deliberations of the grand jury of how they reached their finding of a true bill or to impeach it.

We have had submitted to us a supplemental brief in which counsel for relators admit that the Thompson Case (supra) is decisive of the question of the right of the district attorney to submit the bill without previous leave of court. It is recontended, however, that the Holt Case and the rulings following it recognize that an indictment may be quashed, in the absence of any evidence to support the charge. We have stated the question here as one of "no evidence." The question was so stated with reference to the fact situation here presented. The expression used is not verbally accurate, and the

distinction made between those cases in which the court will not inquire into what took place before the grand jury and those in which they will so inquire does not lend itself to easy statement. It is well settled that the court will inquire into the question of the constitution and organization of the body which found the indictment in order to determine whether or not it was a legally constituted grand jury. It is just as clearly settled that the courts will inquire into any irregularities as, for illustration, the interference or participation of outsiders in the deliberations of the grand jury. Broadly stated, they will inquire into anything which affects the integrity in the etymological meaning of that word, of the grand jury. On the other hand, it is equally well settled that the deliberations of a grand jury are exceptions to the general rule of the publicity of trials. It is further just as firmly settled that the law leaves the decision of the question of whether an accused should be brought to trial to the judgment of a grand jury, and to no other tribunal. If, however, a grand jury should assume to find a true bill because one had been submitted to it with the sanction of the district attorney, and thus without evidence in the sense of no witness having appeared and nothing having been presented as evidence in support of the charge, such an act could fairly be classified as irregular, and hence within the rule before stated.

This is not, however, the fact situation here presented. There were a number of witnesses who appeared and testified before the grand jury, and there was likewise what may be called documentary evidence submitted. What counsel for the relators wish to inquire into was not the fact of the absence of witnesses and of what was considered by the grand jury as evidence, but to learn what the testimony of the witnesses was, and to inspect what was before the grand jury as evidence, in order that it might be determined whether the testimony and evidence thus before the grand jury supported the finding of a true bill. This is nothing more nor less than an inquiry into the sufficiency of the evidence and the substitution by the court of its own judgment in the place of that of the grand jury. To do so is to do no less than to usurp the functions of a grand jury. This it is which we hold beyond the power of the court to do.

Appropriate orders in accordance with this opinion may be submitted. The defendants may be enlarged upon entering bail in the sum of $2,500 to stand trial, and there is, of course, the right to ask for a bill of particulars in order that they may not be taken by surprise.